29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James D. THOMPSON, Defendant-Appellant.
 No. 93-10768.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Donald Thompson appeals his misdemeanor conviction for assault by striking, in violation of 18 U.S.C. Sec. 113(d) (penalizing assaults committed within the maritime and territorial jurisdiction of the United States). Thompson contends that he acted in self-defense. We affirm.
 
 I.
 
 3
 On May 15, 1992, Dennis Close, a ninth-grader, was walking home from school with five friends. As they passed Thompson's yard, Thompson, who at the time was twenty-nine years old, approached the group. Thompson called out to Close and accused him of hurting one of Thompson's dogs. Close denied having hurt the dog, threw down the books he was carrying, and walked towards Thompson. The two argued briefly, raising their voices and exchanging profanities.
 
 
 4
 Thompson shoved Close, who stumbled back a few feet. After the shove, one of Close's friends urged him to hit Thompson. Thompson punched Close in the face with a closed fist. The punch fractured Close's cheekbone. Immediately after hitting Close, Thompson apologized and said that he had thought Close was going to hit him.
 
 
 5
 Thompson was charged with the misdemeanor of assault by striking, 18 U.S.C. Sec. 113(d), and consented to trial before a magistrate judge, who convicted Thompson as charged and sentenced him to one year probation, 100 hours of community service, restitution of $720.00, and $10.00 special assessment. After the district court affirmed the magistrate's decision, Thompson appealed to this court.
 
 
 6
 Thompson raises two claims. First, he argues that the magistrate misapplied the law on self-defense by failing to place upon the government the burden of proving beyond a reasonable doubt that Thompson did not act in self-defense. Thompson bases his argument on the following colloquy between his defense counsel and the magistrate during closing argument:
 
 
 7
 Mr. Barbee: I believe that the bulk of the credible evidence, even under the preponderance standard would require acquittal in this case. However, the facts of this case require the court or require the government, actually ... to carry the burden of proof of negating the defense and the self-defense.
 
 
 8
 The Court: Excuse me? It is an affirmative defense, isn't it?
 
 
 9
 Mr. Barbee: I believe your Honor that the government--as an element of the defense, that the government must carry the burden of showing that self defense does not apply in this case.
 
 
 10
 I believe it becomes an element of the defense Your Honor.
 
 
 11
 The Court: I don't believe--
 
 
 12
 Mr. Barbee: I think the burden goes on the government to negate self-defense.
 
 
 13
 Once evidence is shown of self-defense, I believe the government has the burden of persuasion in showing proof beyond a reasonable doubt as an element.
 
 
 14
 So, Your Honor, in sum--
 
 
 15
 The Court: Excuse me, just to make it clear, I do not believe that is the situation here.
 
 
 16
 Thompson also argues that there was insufficient evidence to support his conviction.
 
 II.
 
 17
 The magistrate judge had jurisdiction pursuant to 18 U.S.C. Sec. 3401. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3402. We have jurisdiction pursuant to 18 U.S.C. Sec. 1291; see also United States v. Forcellati, 610 F.2d 25, 28 (1st Cir.1979) ("While there is ... no express provision for ... the defendant to appeal from a judgment of the district court affirming a magistrate's conviction, such appeals have been allowed apparently as a matter of course."), cert. denied, 445 U.S. 944 (1980).
 
 
 18
 We review the findings of facts under the clearly erroneous standard and the application of law to the facts under the de novo standard. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.1984), cert. denied, 469 U.S. 824 (1984).
 
 
 19
 The defense of self-defense applies (1) where a defendant reasonably believes that his use of force is necessary to defend against the immediate use of unlawful force by another; and (2) where the defendant uses no more force than appears reasonably necessary in the circumstances. United States v. Span, 970 F.2d 573, 576 (9th Cir.1992) (listing elements of self-defense when defendant is charged with assaulting a federal officer), cert. denied, 113 S.Ct. 1283 (1993). The burden does not shift to the government to disprove self-defense beyond a reasonable doubt unless the defendant first produces sufficient evidence to support a rational finding of self-defense. United States v. Jackson, 726 F.2d 1466, 1468-69 (9th Cir.1984); see also United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983) (holding that a defendant is not entitled to a self-defense instruction unless sufficient evidence supports the defense).
 
 
 20
 Thompson failed to introduce sufficient evidence to support his self-defense claim. The magistrate properly concluded that even if Thompson believed that Close was about to hit him, Thompson's use of force was not reasonable under the circumstances. At the time of the assault, Thompson was twenty-nine years old, stood six feet, three inches tall, and weighed over two hundred pounds, while Close was fifteen years old, stood five feet, seven inches tall, and weighed one hundred thirty-five pounds. Testimony by three other witnesses contradicted Thompson's claim that Close was preparing to hit him. Noting that Thompson was, at the very least, the initial aggressor, the magistrate stated that there was "no question that the Defendant should have had absolute confidence in his ability to handle the situation without resorting to violence." See Reporter's Transcript, September 14, 1993 at 95.
 
 
 21
 As Thompson failed to meet his initial burden of production, his self-defense claim must fail, regardless of how we interpret the colloquy between the magistrate and defense counsel. No rational trier of fact could have found that the evidence sufficed to prove self-defense. Thus, the burden of proof never shifted to the government. Thompson's claim that the magistrate misunderstood the burden of proof is immaterial.[1]
 
 
 22
 Thompson further contends that there was insufficient evidence to establish beyond a reasonable doubt that he did not act in self-defense. Because no rational trier of fact could have found that Thompson acted in self-defense, his insufficiency of the evidence argument lacks merit.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cf. United States v. Van Fossan, 899 F.2d 636 (7th Cir.1990)
 Precise statements of burdens are essential in jury trials, for jurors rely on the judge's description of the law. When discussing the case with counsel, judges are not confined to formulaic recitations.... Magistrates know fundamental principles such as the "reasonable doubt" rule, and appellate courts ought not infer from ambiguous expressions that [magistrates] have contravened the basic norms of the legal system.
 Id. at 638.